UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Bryan Bernard a/k/a/
Joseph Vaillancourt</u>


   v.                                              07-cv-327-SM


<u>New Hampshire Department
of Corrections, et al.</u>

### REPORT AND RECOMMENDATION

   Pro se plaintiff Bryan Bernard brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his rights under the Eighth Amendment to the United States Constitution (document nos. 1 and 3-4). He further alleges that defendants have abridged his rights under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq.

   Named as defendants are William L. Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), Kelly A. Ayotte, New Hampshire Attorney General, and the following employees of the New Hampshire State prison ("NHSP"): Bruce W. Cattell, Former Warden; Gregg Crompton, Deputy Warden;

corrections officers Tim Moquin, Christopher Shaw, Todd Ash and Ross Cunningham.  Also named is Officer O'Brien, an employee of the New Hampshire State Police.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I find that Bernard has alleged Eighth Amendment claims, premised upon the use of excessive force, against Moquin, Shaw, Ash, Cattell and Wrenn.  I recommend dismissal of all remaining claims.

### Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se

2

pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and an unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration. I apply this standard in reviewing Bernard's complaint.

## Background

The following facts are derived from the complaint and construed in Bernard's favor. This action stems from Bernard's confinement in the secured housing unit ("SHU") at the NHSP and corrections officers' alleged use of excessive force against him. According to Bernard, on at least four occasions during April 2005 through October 2005, corrections officers in the control

room intentionally caused him to be crushed by the electronic metal doors in the SHU while he was attempting to exit. As a result, he allegedly sustained physical injuries and endured unnecessary pain and suffering. Although he has not identified his injuries, Bernard alleges that he was crushed by the metal doors. He further alleges that the following officers were responsible for his injuries and acted with deliberate indifference to his safety: (1) Tim Moquin, SHU Unit Manager; (2) Lieutenant Chris Shaw; and (3) Corrections Officer Todd Ash. Bernard allegedly reported the deprivations and resulting injuries to Cattell, Warden of the NHSP, and to Wrenn, Commissioner of the NHDOC, however, they failed to remedy the problem or take any corrective action. He now brings this civil rights action, alleging that defendants' acts and omissions violate his rights under Section 1983 and Title II of the ADA.

## Discussion

I. Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law. See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981);

4

Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997). In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997). The premise of Bernard's Section 1983 claim is that defendants, acting under color of state law, subjected him to excessive force and resulting injury, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

A.   Eighth Amendment

In a prison setting, the use of excessive force against a prisoner is analyzed under the Eighth Amendment prohibition against cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 319-20 (1986). See also See Davis v. Rennie, 264 F.3d 86, 98 n.9 (1st Cir. 2001) (citing Hudson v. McMillian, 503 U.S. 1, 4 (1992)("A convicted prisoner may bring a claim for use of excessive force under the Eighth Amendment.") To state an Eighth Amendment claim for the use of excessive force by prison guards, an inmate must demonstrate "unnecessary and wanton infliction of

pain." Whitley, 475 U.S. at 319-20. "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 320-21). To prevail on an excessive force claim, a plaintiff must show that the alleged use of force is "objectively sufficiently serious or harmful enough" to be actionable. Hudson, 503 U.S. at 8; accord United States v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999). An excessive force claim may be established even if the plaintiff does not suffer serious or significant injury, if he can demonstrate that the amount of force used is more than de minimis, or otherwise involves force "repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10.

Here, Bernard alleges that on at least four occasions during April 2005 through October 2005, corrections officers in the control room intentionally caused him to be crushed by the electronic metal doors in the SHU.[1] The incidents allegedly occurred when Bernard was "exiting for his shower/dayroom time."

---

[1] Bernard has alleged similar excessive force claims in Vaillancourt v. Campbell, Civil No. 06-cv-438-JD, 2007 WL 1964148, slip op. (D.N.H. May 3, 2007), however, those claims were dismissed without prejudice.

6

Although he has not identified his injuries, Bernard claims that he was crushed by the metal doors, that he sustained physical injuries and that the officers involved acted with deliberate indifference to his safety. He appears to further allege that Moquin, Shaw and Ash were the corrections officers in the control room and were responsible for his injuries. Bernard allegedly reported the deprivations and resulting injuries to Cattell and Wrenn, however, they failed to remedy the problem or take any corrective action. Nothing in the record suggests that Bernard provoked the incident or otherwise posed an immediate threat to the safety of the corrections officers or the security of the prison. Nor is there any indication that the excessive force was used by the officers in a good-faith effort to maintain or restore discipline. For purposes of preliminary review, I find that Bernard has alleged Eighth Amendment excessive force claims against Moquin, Shaw, Ash, Cattell and Wrenn.

In addition to the above defendants against whom claims have been stated, Bernard also has named the following individuals as defendants to this action: Kelly A. Ayotte, New Hampshire Attorney General; Gregg Crompton, Deputy Warden of the NHSP; Ross Cunningham, NHSP corrections officer; and Officer O'Brien, New Hampshire State Police employee. I find that Bernard has not

stated any claims against these individuals upon which relief may be granted and, therefore, recommend dismissal of the excessive force claims against them.

II. ADA Claims

Construed liberally, the complaint alleges that defendants failed to accommodate Bernard's disability and/or provide him with reasonable modifications in violation of Title II of the ADA.

A. Title II

Title II of the ADA prohibits discrimination on the basis of disability. See Buchanan v. Maine, 469 F.3d 158, 170-71 (1st Cir. 2006). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "'qualified individual with a disability' is defined as 'an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential requirements for the receipt of services of the participation in

programs or activities provided by a public entity.'" <u>United States v. Georgia</u>, 546 U.S. 151, 126 S. Ct. 877, 879 (2006) (quoting 42 U.S.C. § 12131(1)). A "public entity" is defined as "any State or local government" and "any department, agency, . . . or other instrumentality of a State, § 12131(1)." <u>Id.</u> This term includes state prisons. <u>Id.</u> (citing <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206, 10 (1998)(holding that "prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in.'")).

The First Circuit has held that a plaintiff seeking relief under Title II must establish:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

<u>Parker v. Universidad de P.R.</u>, 225 F.3d 1, 5 (1st Cir. 2000).

Here, Bernard broadly alleges that he is handicapped without identifying any disability. Even assuming that Bernard is a qualified individual with a disability, I find that he has not

9

alleged any actions by the defendants that violate his right to receive reasonable accommodations and modifications for a disability. I further find that he has not alleged any actions by the defendants that stem from discriminatory intent related to a disability. Construing the complaint liberally and accepting Bernard's allegations as true, I conclude that he has failed to allege sufficient facts to state a cognizable claim under Title II of the ADA. Accordingly, I recommend dismissal of this claim in its entirety.

III. Official Capacity

Construed liberally, the complaint seeks injunctive and monetary relief for wrongs committed by the defendants as state actors in their official capacities. It is well-settled that the Eleventh Amendment bars suits against state entities and state agents working in their official capacities unless the state has expressly waived immunity, which has not been done by New Hampshire for actions brought under Section 1983. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)(holding that neither a state nor its officials acting in

10

their official capacities are "persons" under Section 1983). Official capacity suits against officers of an agency are simply "another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55.  To the extent Bernard brings official capacity claims for monetary relief against the state defendants, who are officials of the NHDOC and/or NHSP, I recommend that those claims be dismissed.

On the other hand, official capacity actions against state actors for prospective injunctive relief are not treated as actions against the state and may be considered under Section 1983.  See Will, 491 U.S. at 71 n.10.  Thus, Bernard is not barred from bringing claims for prospective injunctive relief against the defendants in their official capacities.

### Conclusion

For the reasons stated above, I find that Bernard has alleged Eighth Amendment claims, premised upon the use of excessive force, against Moquin, Shaw, Ash, Cattell and Wrenn. I recommend dismissal of all remaining claims.  Accordingly, by separate order issued simultaneously with this report and recommendation, I authorize the above viable claims to proceed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all

purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the complaint.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date: February 26, 2008

cc: Bryan Bernard, pro se