UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Bryan Bernard a/k/a/
Joseph Vaillancourt</u>


v.                                                          07-cv-327-SM


<u>New Hampshire Department
of Corrections, et al.</u>


**O R D E R**

Pro se plaintiff Bryan Bernard brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his rights under the Eighth Amendment to the United States Constitution (document nos. 1 and 3-4). He further alleges that defendants have abridged his rights under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq.

Named as defendants are William L. Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), Kelly A. Ayotte, New Hampshire Attorney General, and the following employees of the New Hampshire State prison ("NHSP"): Bruce W. Cattell, Former Warden; Gregg Crompton, Deputy Warden;

corrections officers Tim Moquin, Christopher Shaw, Todd Ash and Ross Cunningham. Also named is Officer O'Brien, an employee of the New Hampshire State Police.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Bernard has alleged Eighth Amendment claims, premised upon the use of excessive force, against Moquin, Shaw, Ash, Cattell and Wrenn. I recommend dismissal of all remaining claims.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint served on the defendants. The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation and the complaint (document nos. 1 and 3-4). See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of

Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's Office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or

their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: February 26 , 2008

cc:   Bryan Bernard, pro se

4