UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bryan Bernard a/k/a
Joseph Vaillancourt,
    Plaintiff

    v.                                      Civil No. 07-cv-327-SM
                                             Opinion No. 2009 DNH 001
William L. Wrenn, Bruce W.
Cattell, Tim Moquin,
Christopher Shaw, and
Todd Ash,
    Defendants

**O R D E R**

After preliminary review by the magistrate judge (document no. 7), which review was approved on March 20, 2008 (document no. 11), this case consists of one claim, brought pursuant to 42 U.S.C. § 1983. Plaintiff Bryan Bernard asserts that defendants violated his Eighth Amendment rights by crushing him four times with electronic doors while he was incarcerated in the secured housing unit at the New Hampshire State Prison ("NHSP"). Before the court is defendants' motion for summary judgment, in which they argue that plaintiff cannot proceed with his claim because he has failed to exhaust the administrative remedies available to him, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Plaintiff objects. Defendants' motion for summary judgment is necessarily granted.

Plaintiff's principal argument in opposition to summary judgment is that defendants' motion relies upon the PLRA, while he brought his claims under the Americans With Disabilities Act ("ADA"). That argument misses the point.

First, plaintiff's ADA claim was dismissed on March 20, 2008.[1]  So, this is not an ADA case. Second, even if plaintiff had an ADA claim, it would be subject to the PLRA. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060-61 (9th Cir. 2007) ("The plain language of the PLRA, as well as Supreme Court and Ninth Circuit precedent, lead us to conclude that exhaustion is required for ADA . . . claims."); Jones v. Smith, 109 Fed. Appx. 304, 307 ("The plain language of [42 U.S.C.] § 1997e(a) requires prisoner actions under 'any' federal law to meet the exhaustion requirement, and we thus decline Plaintiff's invitation to exempt ADA suits."); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) (applying PLRA exhaustion requirement to prisoner's ADA claim); Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 442-43 (S.D.N.Y. 2004) (dismissing prisoner's ADA claim for failure to exhaust); see also Cassidy v. Ind. Dep't of Corr., 199 F.3d 374, 376-77 (7th Cir. 2000) (holding that PLRA physical-injury requirement, 42 U.S.C. § 1997e(e), applies to ADA claims brought

---

[1] That disposition was recommended in the magistrate judge's preliminary review, to which plaintiff did not object.

by prisoners); Davis v. District of Columbia, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998) (same); but see Parkinson v. Goord, 116 F. Supp. 2d 390, 398-99 (W.D.N.Y. 2000) (holding that PLRA exhaustion requirement did not apply to ADA claims).

Defendants move for summary judgment on plaintiff's Eighth Amendment claim on grounds that plaintiff has not satisfied the PLRA exhaustion requirement.  Under the PLRA:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Moreover, the PLRA requires "proper exhaustion," Woodford v. Ngo, 548 U.S. 81, 93 (2006), defined as "compliance with an agency's deadlines and other critical procedural rules," id. at 90.  "[F]ailure to exhaust is an affirmative defense under the PLRA."  Jones v. Bock, 549 U.S. 199, 216 (2007).  A defendant who demonstrates lack of exhaustion is entitled to dismissal of the unexhausted claims in the plaintiff's complaint.  See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

The incidents at issue allegedly took place on April 11, April 16, and June 22, 2005.  Plaintiff alleges a fourth

3

incident, but does not indicate when it occurred.  The NHSP employs a three-step process for the resolution of inmate complaints.  See Knowles v. N.H. Dep't of Corr., 538 F. Supp. 2d 453, 458 (D.N.H. 2008).

Defendants have shown that with regard to the incidents on April 11 and 16, plaintiff skipped the first and third steps in the NHSP complaint process, and that with regard to the incident on June 22, he skipped the second and third steps.  Defendants' evidence includes affidavits from NHSP employees in which they testify that they were unable to locate inmate request forms (step one), grievance forms (step two), or appeals to the Commissioner (step three), in the institutional files where such documentation is normally maintained.

In his objection to summary judgment, plaintiff asserts that he did exhaust his remedies.  As for the lack of documentation in NHSP files, plaintiff agrees that there is none.  That is so, he says, because rather than returning the institutional copies of the triplicate inmate request and grievance forms he submitted, he kept both the yellow copy he was instructed to retain and the white copy he was instructed to return for filing in his offender record.  While plaintiff asserts, in his objection to summary judgment, that he possesses documentation showing that he

exhausted his administrative remedies, he has produced neither the documents he claims to have nor any other evidence that he has satisfied the PLRA exhaustion requirement. That is not enough to overcome defendants' properly supported summary judgment motion. See Torres-Negron v. Merck & Co., 488 F.3d 34, 39 (1st Cir. 2007) (explaining the burden of production that must be carried by a party opposing summary judgment).

Because the undisputed factual record demonstrates that plaintiff has not exhausted his administrative remedies, defendants are entitled to dismissal of plaintiff's claims. See Medina-Claudio, 292 F.3d at 36. Accordingly, defendants' motion for summary judgment (document no. 18) is granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 6, 2009

cc: Bryan Bernard, pro se
    Nancy J. Smith, Esq.
    John Vinson, NH DOC